```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  CARLOS ACEVEDO,

                      Plaintiff,           MEMORANDUM & ORDER
                                              20-CV-5691(EK)

           -against-

  COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Carlos Acevedo challenges the Social Security Administration's denial of his claim for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant Plaintiff's motion and deny the Commissioner's cross-motion.

## I. Background

**A. Procedural Background**

        In October 2016, Acevedo applied for disability benefits, alleging a disability onset date of May 5, 2016. Administrative Tr. ("Tr.") 31, 163, ECF Nos. 11, 12. The agency denied his claim. *Id*. at 62-67, 72-73. On May 10, 2019, an administrative law judge ("ALJ") held a hearing on Acevedo's claim. *Id*. at 31, 638-54. The ALJ, Thomas Gray, concluded that Acevedo was not disabled and therefore not entitled to

disability benefits.  *Id*. at 28-45.  The Appeals Council denied Acevedo's request for review of the ALJ's decision on September 23, 2020, rendering it final.  *Id*. at 1-7.  Acevedo timely sought review of that decision in this Court.  ECF No. 1.

**B.   The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims.  20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity.  *Id.* § 404.1520(a)(4)(i), (b).  If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" his "physical or mental ability to do basic work activities."  *Id.* § 404.1520(a)(4)(ii), (c).  If the ALJ identifies a severe impairment, then at step three, he must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations — the "Listed Impairments."  *Id.* § 404.1520(a)(4)(iii), (d); *see also id.* pt.

2

404, subpt. P, app. 1.  If it does, the ALJ will deem the applicant disabled.  *Id.* § 404.1520(a)(4)(iii).

Here, the ALJ determined that Acevedo had not engaged in substantial gainful activity since the alleged onset date. Tr. 33.  The ALJ further determined that Acevedo suffered from the following "severe impairments": major depressive disorder, bereavement, anxiety, left knee osteoarthritis, hypertension, hyperlipidemia, and obesity.  *Id.*  He also concluded, however, that none of these severe impairments rose to the level of a Listed Impairment.  *Id.* at 34.

When the ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings, he must determine a claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4)(iv), which is the most a claimant can do in a work setting notwithstanding his limitations.  *Id.* § 404.1545(a)(1).  The ALJ concluded here that Acevedo had the RFC to perform a range of "medium work" with certain limitations.  Tr. 36.  Those limitations included that Acevedo can only "understand, remember, and carry out simple, routine, and repetitive tasks" and "can make simple, work-related decisions and can occasionally interact with supervisors, co-workers, and the general public."  *Id.*  These RFC-related conclusions are the primary target of Acevedo's appeal.

At step four, the ALJ considers whether, in light of the RFC determination, the claimant can perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (f). Here, the ALJ found that Acevedo could not perform his past work as an exterminator. Tr. 43. Moving to step five, the ALJ concluded that there were jobs available in significant numbers in the national economy that Acevedo could perform, including as an order picker, laundry laborer, and cleaner. *Id.* at 44-45. Given that conclusion, the ALJ held that Acevedo was not disabled. *Id.*

## II. Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[1]

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v.*

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

*Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

### III. Discussion

Acevedo argues that the ALJ's RFC assessment was not supported by substantial evidence, for two reasons. Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings ("Pl. Mem.") 12-16, ECF No. 16-1. First, he contends that the ALJ did not conduct a function-by-function assessment of Acevedo's physical abilities in calculating his RFC. *Id*. at 12-13. Second, Acevedo maintains that the ALJ did not adhere to his duty to develop the record because he failed to obtain any medical evidence regarding Acevedo's RFC, such as an RFC assessment from his treating physician. *Id*. at 13-16. Because I credit Acevedo's first argument, which warrants remand, I need not reach the second.

The ALJ is responsible for assessing a claimant's RFC, which is the most work a claimant can do despite any impairments. 20 C.F.R. § 404.1545(a)(1). Social Security Ruling 96-8p provides that an individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Before classifying a claimant's RFC based on the

"exertional levels of work" (*i.e.*, sedentary, light, medium, heavy, or very heavy work), the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.* Those functions include physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions, as well as mental abilities such as understanding, remembering, carrying out instructions, and responding appropriately to supervision and work pressures. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p, 1996 WL 374184, at *5-6.

Notwithstanding the mandatory language of Social Security Ruling 96-8p, the Second Circuit has made clear that "an ALJ's failure to conduct an explicit function-by-function analysis" does not "*per se*" require remand. *Cichocki v. Astrue*, 729 F.3d 172, 176-77 (2d Cir. 2013). Instead, the "relevant inquiry" remains "whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence." *Id.* at 177. "Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* Indeed, as Social

6

Security Rule 96-8p cautions, "'a failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions,' which 'could lead to an incorrect use of an exertional category to find that the individual is able to do past relevant work' and 'an erroneous finding that the individual is not disabled.'"  *Id.* at 176 (quoting SSR 96-8p, 1996 WL 374184, at *4).

ALJ Gray's decision did not contain a function-by-function assessment of Acevedo's physical abilities.  Instead, he engaged in a review of the record that included, among other relevant evidence, Acevedo's subjective complaints of pain; the opinion of his primary care physician, Dr. Pradeep Sharma; and the March 2019 treatment notes of his physical therapist, Stratos Antoniadis.  Tr. 40.

Dr. Sharma's records reflect that Acevedo has hypertension and hyperlipidemia, and a BMI that meets the criteria for clinical obesity.  *Id.* at 40-41, 590-637.  Dr. Sharma consistently noted that Acevedo reported no chest pain, no dyspnea, and that he was able to walk ten to fifteen blocks without difficulty.  *Id*.  The ALJ also observed that the record showed no evidence of a diagnosis or treatment of any knee issues prior to March 2019, when Dr. Sharma referred the claimant to physical therapy for left knee pain.  *Id.* at 40,

7

576-81.  Treatment notes from Mr. Antoniadis, in turn, reflect that Acevedo reported "major difficulty walking functional distances" and "ascending and descending stairs," with "pain worsen[ing] after prolonged walking, standing."  *Id.* at 578-79.  Mr. Antoniadis noted "[p]atellar facet tenderness" and "osteophyte [bone spur] formation" around both patellar, observing that Acevedo exhibited "major" and then "moderate" "discomfort and tenderness along the inferior medial aspect of [the] knee."  *Id.*  The ALJ did not explain what weight he gave to Mr. Antoniadis's treatment notes, although he largely discounted Acevedo's complaints of intense knee pain, based on his reported ability to walk ten to fifteen blocks without difficulty and the lack of any diagnostic testing (*e.g.*, x-ray or MRI) of his left knee.  *Id.* at 40-42.

In this case, the ALJ's failure to make explicit findings as to "all relevant limitations" — including Acevedo's ability to stand and walk — "frustrate[s] meaningful review."  *Cichocki*, 729 F.3d at 177-78.  ALJ Gray found Acevedo's left knee osteoarthritis and obesity to be severe impairments, and then assessed an RFC of medium work with no physical limitations.  Tr. 33, 36.  The ALJ, however, did not sufficiently explain how his evaluation of the evidence regarding Acevedo's physical abilities supported the conclusion that he could perform medium work.  This failure is significant:

8

Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). This type of work generally "requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday"; indeed, "in most medium jobs, being on one's feet for most of the workday is critical." *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). "*Flexibility of the knees*," moreover, "is important" for the "frequent bending-stooping" used to accomplish the "considerable lifting" required in medium-work positions. *Id.* (emphasis added).

Although the record contains some evidence that Acevedo could walk ten to fifteen blocks "without difficulty" and "takes walks around the block," Tr. 41-42, there is no evidence that he would be able to walk or stand for six hours a day, or perform the type of frequent lifting or bending typically required in a medium-work job. *See, e.g.*, *Davis v. Berryhill*, No. 18-CV-1109, 2019 WL 4917920, at *3 (E.D.N.Y. Sept. 30, 2019) (remanding where the plaintiff suffered from shoulder arthritis, but the ALJ failed to make findings as to her abilities to lift, carry, push, pull, or reach). Nor did the ALJ specifically "explain what portion of the physical therapy report was being afforded weight or how that impacted [his] determination regarding [Acevedo's] functional abilities."

9

*Merri C. v. Comm'r of Soc. Sec.*, No. 20-CV-752, 2021 WL 3848479, at *4 (N.D.N.Y. Aug. 27, 2021) (remanding for ALJ to conduct function-by-function analysis). Because the ALJ failed to adequately assess and explain Acevedo's capacity to perform relevant functions, remand is warranted "for further findings or a clearer explanation for the decision." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982); *Cichocki*, 729 F.3d at 177; *see Welch v. Comm'r of Soc. Sec.*, No. 17-CV-6764, 2019 WL 4279269, at *2-3 (E.D.N.Y. Sept. 10, 2019).

Accordingly, on remand, the ALJ should conduct a function-by-function analysis of Acevedo's capacity to perform tasks that could be affected by his physical impairments, including his obesity and left knee osteoarthritis. Because the Court finds that remand is appropriate on this ground, it does not address Acevedo's second (and somewhat related) argument that the ALJ failed to develop the record regarding his RFC. The Court trusts, however, that on remand, the ALJ will "investigate and develop the facts" regarding Acevedo's limitations to address any deficiencies in the current administrative record. *See Moran v. Astrue*, 569 F.3d 108, 112-13 (2d Cir. 2009).

### IV. Conclusion

For the foregoing reasons, Acevedo's motion for judgment on the pleadings is granted, and the Commissioner's

10

motion is denied.  The case is remanded for further proceedings consistent with this Order.

       SO ORDERED.


                                                                  /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    September 20, 2023
             Brooklyn, New York